UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

BROADCAST MUSIC, INC., EMI VIRGIN SONGS, INC., FOURTEENTH HOUR MUSIC, INC., COTILLION MUSIC, INC., WARNER-TAMERLANE PUBLISHING CORP., STONE DIAMOND MUSIC CORP., RONDOR MUSIC INTERNATIONAL, INC., SPRINGTIME MUSIC, INC., MJ PUBLISHING TRUST and SONY/ATV LATIN MUSIC PUBLISHING, LLC,

Plaintiffs,

v. Case No: 8:15-cv-289-T-36TBM

COOL HAND ENTERTAINMENT, LLC and ERIC FLEMING,

Defendants.
_______________________________________/

# ORDER

This matter comes before the Court upon Plaintiffs' Motion to Strike Defendants' Jury Demands. Doc. 48. In the motion, Plaintiffs move to strike Defendants' jury demands and request the Court enter an award of statutory damages in the amount of $30,000 because Defendants stopped participating in this case more than two years ago. Defendants have not filed a response. The Court, having considered the motion and being fully advised in the premises, will grant the motion.

## I. BACKGROUND

Plaintiffs initiated this copyright infringement action against Defendants on February 10, 2015 pursuant to 17 U.S.C. § 101 *et seq.* ("Copyright Act"), asserting ten claims of willful copyright infringement of music licensed by Plaintiff Broadcast Music, Inc. ("BMI"). Doc. 1.

Defendants appeared and filed Answers, which include a general denial of all allegations raised in the Complaint, one affirmative defense, and a demand for a jury trial. Docs. 16, 17. On May 6, 2015, the parties filed their case management report and the Court entered a Case Management and Scheduling Order on May 19, 2015. Docs. 18, 19. On July 21, 2015, a mediation hearing resulted in an impasse. Doc. 27. In the more than two years since that date, Defendants have not responded to summary judgment motions (Docs. 28, 37), despite this Court's order to do so (Docs. 33, 44). Defendants also failed to file a certificate of interested persons or corporate disclosure statement, did not serve initial disclosures, did not respond to requests for admission, did not respond to interrogatories, and did not respond to document requests. Doc. 48 p. 1-2. Defendants also did not participate in preparation of the required summary judgment statement of facts. *Id.* at p. 1. And Defendants declined to meet in person to prepare a joint pretrial statement. *Id.* at p. 2.

On March 29, 2017, this Court concluded that because Plaintiffs requested $3,000 per work allegedly infringed, which is above the minimum statutory amount of $750, Defendants are entitled to a jury trial on the issue of damages. *See* Doc. 46. The Court noted that Plaintiffs could file a separate motion seeking to strike the demand for a jury trial. Subsequently, Plaintiffs filed the instant motion seeking to strike Defendants jury demands because for over two years Defendants have failed to participate in the case.

## II. LEGAL STANDARD

"[T]he Seventh Amendment provides a right to a jury trial on all issues pertinent to an award of statutory damages under § 504(c) of the Copyright Act, including the amount itself." *Feltner v. Columbia Pictures Television, Inc.*, 523 U.S. 340, 355 (1998); *Yellow Pages Photos, Inc. v. Ziplocal, LP*, 795 F.3d 1255, 1283 (11th Cir. 2015) ("[I]f a party so demands, a jury must determine the actual amount of statutory damages under § 504(c) in order 'to preserve the

substance of the common-law right of trial by jury.'"). The Seventh Amendment provides that "[i]n suits at common law, where the value in controversy shall exceed twenty dollars, the right of trial by jury shall be preserved." U.S. CONST. amend. VII. The Supreme Court noted that "[m]aintenance of the jury as a fact-finding body is of such importance and occupies so firm a place in our history and jurisprudence that any seeming curtailment of the right to a jury trial should be scrutinized with the upmost care." *Chauffeurs, Teamsters & Helpers, Local No. 391 v. Terry*, 494 U.S. 558, 565, 110 S. Ct. 1339, 108 L.Ed.2d 519 (1990); *Madura v. BAC Home Loans Servicing L.P.*, 851 F. Supp. 2d 1291, 1294 (M.D. Fla. 2012) (same).

## III. DISCUSSION

### ***Jury Trial***

Plaintiffs assert that Defendants' failure to participate in the case should result in the forfeiture of their right to a jury trial. Indeed, courts have concluded that striking a party's jury demand was appropriate based on the party's non-compliance with rules or Court orders. In *Levielle v. JPMorgan Acqusition Tr.*, No. 13-60112-CIV, 2013 WL 1490479, at *1 (S.D. Fla. Apr. 11, 2013), the court cautioned Plaintiff that if he did "not timely respond to this Order or Defendants' Motion, the court may grant the relief sought in the Motion," and Plaintiff did not respond. Thereafter, the court granted a motion to strike plaintiff's jury demand. *See also Levielle v. JPMorgan Acquisition Trust,* Case No. 13-60112-CIV, 2013 WL 1490479, (S.D. Fla. Apr. 11, 20013) (striking a plaintiff's jury demand where the plaintiff failed to respond to the motion to strike); *Gulf Coast Fans, Inc. v. Midwest Elecs. Importers, Inc.*, 740 F.2d 1499, 1512 (11th Cir. 1984) (court could infer a waiver of a jury demand and other procedural rights where party failed to appear at a hearing, after proper notice). Because the Court "has the power to act *sua sponte* at any time ... [it] has the discretion to permit a motion to strike a jury demand at any time, even on

the eve of trial." 8 James Wm. Moore et al., Moore's Federal Practice § 39.13 [2][c] (3d ed. 2010) (citing cases).

After careful consideration, the Court agrees with Plaintiffs that Defendants' failure to participate in this case for more than two years, along with their failure to comply with multiple Court orders, indicates that Defendants have abandoned their demands for a jury trial. Indeed, despite two Court orders directing Defendants to respond to Plaintiffs' motions, including warnings that failure to respond within the time permitted would result in the Court considering the motions as unopposed, Defendants did not file a response. Docs. 33, 44. In addition, Defendants did not file a response to the instant motion seeking to strike their jury trial demands. Simply stated, a jury trial is not required if a party fails to participate in the litigation, as Defendants have done here. As a result of Defendants' failure to participate and/or obey Court Orders, including failure to respond to the instant motion, failure to respond to the motions for summary judgment, failure to file a certificate of interested persons or corporate disclosure statement, failure to serve initial disclosures, failure to respond to requests for admission, failure to respond to interrogatories, failure to respond to document requests, failure to participate in preparation of the required summary judgment statement of facts and refusal to meet in person to prepare a joint pretrial statement (doc. 48 p.1-2), the Court will strike Defendants' demands for a jury trial.

***Statutory Damages***

Plaintiffs seek $30,000 in statutory damages for the ten acts of copyright infringement. Plaintiffs assert that since no jury trial is needed, the Court should award statutory damages without a hearing. *See United Artists Corp. v. Freeman*, 605 F.2d 854, 857 (5th Cir. 1979) (statutory damages under Section 504(c) "should not have been awarded without a hearing or a demonstration by detailed affidavits establishing the necessary facts."); *Morley Music Co. v.*

*Dick Stacey's Plaza Motel, Inc.*, 725 F.2d 1, 3 (1st Cir. 1983) ("Although there need not be the kind of hearing required if factual damages were the issue, there must ... be either some hearing or sufficient affidavits to give the trial judge an adequate reference base for his judgment."); 4 *Nimmer on Copyright* § 14.04[B][1][a] (2007) (even if the defendant is not entitled to a jury determination on statutory damages, "the defendant should be accorded some hearing on the issue, or sufficient affidavits to give the trial judge an adequate basis for judgment."); *Broadcast Music, Inc. v. Entm'nt Complex, Inc.*, 198 F. Supp. 2d 1291, 1295 (N.D. Ala. 2002) (noting that a judge may make a determination about statutory damages when "the parties have been afforded proper notice and an opportunity to submit their evidence on the underlying facts germane to the award and such evidence gives the judge a sufficient factual basis upon which to make his decision.").

The Copyright Act expressly authorizes damages in the range of $750 to $30,000 per infringement in the Court's discretion, or upon a finding of willfulness, statutory damages may be assessed up to $150,000 per infringement. 17 U.S.C. § 504(c); *Nintendo of Am. v. Ketchum*, 830 F. Supp. 1443 (M.D. Fla. 1993) (noting that the court has wide discretion in determining the amount of damages within the statutory limits). In determining the measure of statutory damages to be awarded, courts consider the following factors (1) the expenses saved and profits reaped by the defendant in connection with the infringements; (2) the revenues lost by the plaintiffs as a result of the defendant's conduct; and (3) the infringer's state of mind—whether willful, knowing or merely innocent. *Walt Disney Co. v. Video 47, Inc.*, 972 F. Supp. 595, 603 (S.D. Fla. 1996) (citation omitted). As noted above, the court may increase statutory damages on the grounds that the infringement was willful. *See* 17 U.S.C. § 504(c)(2). For purposes of 17 U.S.C § 504(c)(2), willfulness may be actual or constructive and may be proven directly or may be inferred from the

defendants' conduct. *See N.A.S. Import Corp. v. Chenson Enterprises, Inc.*, 968 F.2d 250, 252-253 (2d Cir. 1992). "An award of 'substantial damages, well in excess of appropriate licensing fees,' is appropriate where the Defendant 'repeatedly violates copyright laws despite actual knowledge of their licensing requirements.'" *Morley Music Co.*, 777 F. Supp. at 1583 (citation omitted). Within these statutory limits, the assessment of damages is at the discretion of the court. *See F.W. Woolworth Co. v. Contemporary Arts, Inc.*, 344 U.S. 228, 231-32 (1952); *Cable/Home Commc'n Corp. v. Network Prods., Inc.*, 902 F.2d 829, 850-851 (11th Cir.1990).

Plaintiffs maintain that the ratio of damages to unpaid licensing fees supports a statutory damages award of $30,000. This Court agrees. Courts consistently award statutory damages between two and six times the amount that the plaintiff would have received in licensing fees. *See, e.g., Chi-Boy Music v. Charlie Club, Inc.*, 930 F.2d 1224, 1229-30 (7th Cir. 1991) (affirming a district court award attempting to construct a figure equal to three times the amount due under past licensing agreements and noting that when infringement is willful, the statutory damages award may be designed to penalize the infringer and to deter future violations.); *Broadcast Music, Inc. v. ACS of Cape Coral, Inc.*, No. 2:11-CV-516-FTM-29, 2012 WL 2116117, at *2 (M.D. Fla. June 11, 2012) (awarding $30,000 in statutory damages after lost licensing fees of $4,665.60); *Broadcast Music, Inc. v. Bisla & Bisla, LLC*, No. 8:11-CV-02273-JDW, 2012 WL 5387890, at *3 (M.D. Fla. Nov. 2, 2012) (awarding statutory damages approximately double the unpaid license fees); *Dream Dealers Music v. Parker*, 924 F. Supp. 1146, 1153 (S.D. Ala. 1996) (awarding three times what defendant would have paid for ASCAP license); *Sailor Music v. IML Corp.*, 867 F. Supp. 565, 570 (E.D. Mich. 1994) ("courts typically award three times the amount of a properly purchased license for each infringement.").

In the instant case, Defendants saved approximately $15,000 in licensing fees over a two-and-a-half year period. Doc. 48 p. 4. As such, Plaintiffs lost revenues of that same amount. *Id.* Moreover, as the Court has already found, Defendants' infringement was willful. *See* Doc. 46 p. 12 ("Defendants offered performances of BMI works after being told for months that they needed a license. . . . [i]n the face of such willful infringement, monetary relief alone will not suffice."). The amount sought by Plaintiffs is two times the amount of a properly purchased license. As such, Plaintiffs' request for a statutory damage award of $30,000 is consistent with the case law, equaling two times the licensing fees that Defendants failed to pay from February 2014 through July 2016. *See* Doc. 48 p. 4 (discussing unpaid licensing fees of approximately $6,000 per year); s*ee also,* Doc. 46 pp. 2-5 (the Court finding that Defendants' action was willful and noting, *inter alia*, Defendants' knowledge regarding the need to have a license, agreeing to pay for such and then simply not providing payment). In sum, upon careful review of the record in this case and in furtherance of the deterrent purposes of the Copyright Act, the Court finds that the record contains ample evidence supporting the award of $30,000 in statutory damages to Plaintiffs.

## IV. CONCLUSION

It is hereby **ORDERED:**

1. Plaintiffs' Motion to Strike Defendants' Jury Demands (Doc. 48) is **GRANTED**.
2. Defendants' demands for a jury trial are hereby **STRICKEN**.
3. Plaintiffs will be awarded statutory damages pursuant to 17 U.S.C. § 504(c)(1) in the amount of $30,000 from Defendants Cool Hand Entertainment, LLC and

Eric Fleming, which represents $3,000 for each of the ten (10) acts of copyright infringement alleged in the Complaint.

4. Defendants Cool Hand Entertainment, LLC and Eric Fleming will be jointly and severally liable to Plaintiffs for all money awarded to Plaintiffs.

5. A Permanent Injunction and Final Judgment will be entered by separate Order.

**DONE AND ORDERED** in Tampa, Florida on October 30, 2017.

Charlene Edwards Honeywell
United States District Judge

Copies to:
Counsel of Record and Unrepresented Parties, if any